IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEREME LEE ESCOBEDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-070-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Jereme Lee Escobedo ("Escobedo"). For the following reasons, Escobedo's habeas application should be DENIED.

### I.   PROCEDURAL HISTORY

Petitioner is serving a sentence of life in prison pursuant to his conviction under Case No. CR-18A-001 in the 222nd District Court, Deaf Smith County, Texas, for two counts of sexual assault of a child, enhanced with a prior sexual assault of a child conviction. (ECF 10-18 at 177–78). He appealed and his convictions were affirmed. *Escobedo v. State*, Nos. 07-18-00096-CR & 7-18-000970-CR, 2019 (WL 1066469 (Tex. App.—Amarillo Mar. 6, 2019, no pet.). Escobedo did not file a petition for discretionary review. *Id.*; ECF 11-1 at Ex. A.

On February 21, 2020, Escobedo filed his state application for writ of habeas corpus.[1] (ECF 10-18 at 4, 25). On March 10, 2021, the Court of Criminal Appeals of Texas denied the application without written order. (ECF 10-16).

---

[1] Escobedo actually filed an application for each count. (ECF 10-18 at 4, 25).

Escobedo timely filed his federal habeas application.

## II.  PETITIONER'S ALLEGATIONS

Escobedo sets forth three grounds in support of his application, which the Court interprets to allege:

1. He was denied a right to fair and impartial trial because the trial court should have excused juror Viola Villegas ("Villegas").

2. Trial counsel was ineffective in failing to object to Villegas remaining on the jury.

3. Appellate counsel was ineffective in failing to raise the issue of trial counsel's ineffectiveness in failing to object to Villegas's remaining on the jury.

(ECF 3 at 7–16[2]).

The facts pertinent to each of the claims are as follows: During voir dire, jurors were asked whether they knew the defendant, Escobedo, or his family. Counsel said he thought Escobedo had a sister by the name of Leslie Vasquez and maybe a cousin by the name of Albino Garcia. Two veniremembers responded, saying that their knowledge would not bias them. (ECF 10-11 at 39–40). Later during voir dire, veniremembers were asked whether anyone knew Jaimi Lee Moreno, who was "just a local citizen." (*Id.* at 188). During trial, after the State presented a video containing portions of footage from a police officer's body camera, juror Villegas approached the court and the following exchange occurred:

> THE COURT: Attorneys, please approach. Yes, ma'am. I understand you wanted to talk to me about something.
>
> JUROR VILLEGAS: Yeah. Whenever they said about the witnesses, they didn't mention Jaimi Escobedo. Well, I didn't know that she was –I know her by Jaimi Luna, and she's my cousin's daughter.
>
> THE COURT: Who is your cousin's daughter?

---

[2] The page number references are to "Page __ of 22" assigned by the Court's electronic filing system and shown at the top right portion of the document.

JUROR VILLEGAS: Jaimi Escobedo.

THE COURT: The Defendant?

JUROR VILLEGAS: No, his girlfriend.

MR. STROWD: Moreno, Jaimi Moreno.

MR. HILL: The girl on the video.

MR. STROWD: Jaimi Moreno. What was the name – the last name you knew her by?

JUROR VILLEGAS: Luna.

MR. STROWD: Luna.

JUROR VILLEGAS: Yeah, because that's my cousin's daughter. Yeah. That's where he lives here. That big house in front of it, that's where he lives right there, my cousin.

THE COURT: It's your cousin's daughter?

JUROR VILLEGAS: Uh-huh.

THE COURT: Who is your cousin?

JUROR VILLEGAS: Felipe Luna. That's her dad.

THE COURT: Well, is there any reason you can't serve on this jury and be fair and impartial?

JUROR VILLEGAS: No. I mean, I don't know her – we don't communicate that good, but, you know, I just know who she is.

THE COURT: You just know who she is?

JUROR VILLEGAS: Yeah, but I knew her by Jaimi Escobedo until I saw the –until I saw that video.

THE COURT: Well, do you think that would create any problems with you being fair and impartial on this jury?

JUROR VILLEGAS: I don't think so.

(ECF 10-12 at 57–59).

### III. STANDARDS OF REVIEW

#### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433

(1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court

must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In his first ground, Escobedo alleges that the trial court erred when it unreasonably applied *McDonough/Smith*[3] regarding juror Villegas. (ECF 3 at 7–10). He takes the position that Villegas had to be excused following the exchange recited above. When Escobedo raised this ground in his state habeas corpus application, the trial court determined that it was not preserved on the record and could not be presented. (ECF 10-18 at 170). In other words, the ground was procedurally defaulted. *See* Tex. R. App. P. 33.1(a)(1); *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 759 (Tex. 2006). The Court of Criminal Appeals denied the state habeas petition without written order. (ECF 10-16). Accordingly, the Court looks to the last reasoned decision to determine the basis for the ruling. *Wilson v. Sellers*, 138 S. Ct. 1188, 1194–95 (2018). And, that decision, that Escobedo failed to make a contemporaneous objection, is a sufficient procedural default to bar federal habeas review, *Styron v. Johnson*, 262 F.3d 438, 453–54 (5th Cir. 2001), unless Escobedo can show cause for the default and actual prejudice, or that he is actually innocent of the crimes for which he was

---

[3] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 538 (1984); *Smith v. Phillips*, 455 U.S. 209 (1982).

convicted. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). Because Escobedo has failed to make that showing, this claim is procedurally barred.

Even if Escobedo was able to overcome the procedural bar, he still could not prevail. As his reply makes clear (ECF 16), Escobedo's position is based on a fundamental misunderstanding of the *McDonough* and *Smith* cases. In particular, he relies on language in *McDonough*:

> Good faith, however, is irrelevant to our inquiry. If an average prospective juror would have disclosed the information, and that information would have been significant and cogent evidence of the juror's probable bias, a new trial is required to rectify the failure to disclose it.

(ECF 16 at 5) (quoting 464 U.S. at 552). That language, however, comes from the court of appeals opinion that the Supreme Court overruled. According to the Supreme Court, a defendant is entitled to a fair trial, but not a perfect one, and assuming prejudice because of a juror's mistaken, but honest response to a question would not be in the interests of justice. *McDonough*, 464 U.S. at 553–56.

Bias is only presumed in a narrow class of relationships, such as where a juror (1) is an actual employee of the prosecuting agency, (2) a close relative of a participant in the trial or criminal activity at issue, or (3) a witness or somehow involved in the criminal transaction. *Smith v. Phillips*, 455 U.S. 209, 222 (1982) (O'Connor, J., concurring); *Hattan v. Quarterman*, 570 F.3d 595, 600 (5th Cir. 2009). Villegas does not fit that class.

The record in this case establishes that Villegas did not realize she knew anyone involved in the case until a particular video was shown during trial. She immediately came forward to tell the judge that she knew one of the persons in the video, but that she knew her by a different name. Villegas's relationship to the woman was tenuous at best. The woman was a daughter of a cousin of Villegas and Villegas did not know her, but rather knew of her, as they did not "communicate that good." (ECF 10-12 at 58). Villegas twice answered that there was no reason she could not

serve on the jury and be fair and impartial. (*Id.* at 58–59). There is simply no reason to believe that she was not fair and impartial, much less that she could have been stricken for cause.

In his second ground, Escobedo argues that he was denied effective assistance of counsel because his trial counsel should have objected to Villegas remaining on the jury. (ECF 3 at 7, 10–12). In his third ground, he argues that appellate counsel was ineffective in failing to raise the alleged ineffectiveness of trial counsel. (*Id.* at 13–16). These claims are without merit for a number of reasons. The contention that Escobedo was harmed by Villegas remaining on the jury and that the outcome would have been different had she been released is wholly conclusory, unsupported, and frivolous. Trial counsel was not required to make frivolous objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 427 (5th Cir. 1990). As stated before, Villegas indicated to the trial court twice that she could be fair and impartial. Nor was appellate counsel required to raise every conceivable claim. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Instead, he determined that Villegas did not have a close relationship with the witness and that there was not any evidence to support a claim of bias against Villegas, (ECF 10-18 at 171), and chose to pursue the best claims on appeal. *Escobedo*, 2019 WL 1066469.

In denying state habeas relief, the Court of Criminal Appeals necessarily accepted as true the affidavits of Escobedo's trial and appellate counsel and rejected Escobedo's allegations. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Escobedo has not shown that the state court's application of the *Strickland* standard was unreasonable. *Harrington*, 562 U.S. at 101, 105.

## V. RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus filed by Petitioner, Jereme Lee Escobedo, be DENIED.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 15, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).